IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

JOSAYA JUDE NEVAREZ

NO. 2:23-CR-096-Z

## FACTUAL RESUME

In support of Josaya Jude Nevarez's plea of guilty to the offense in Count One of the Indictment, Nevarez, the defendant, CJ McElroy, the defendant's attorney, and the United States of America, the government, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), that is, Possession with Intent to Distribute Marihuana, the government must prove each of the following elements beyond a reasonable doubt[1]:

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact marihuana; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS

1. Josaya Jude Nevarez admits and agrees that on or about November 11, 2022, in the Amarillo Division of the Northern District of Texas, and elsewhere, he

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

intentionally or knowingly possessed with intent to distribute a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and Title 18, United States Code, Section 2.

2. On November 11, 2022, Amarillo, Texas, Police Department (APD) officers conducted a knock and talk encounter at the residence at 1617 Currie Lane in Amarillo during a search for a fugitive. An individual answered the door and stated that he, Josaya Jude Nevarez, and his uncle lived in the home. Officers asked the individual for permission to search for the fugitive inside the residence and the individual answered with his consent. The individual showed officers through the communal areas of the residence, pointed out his uncle's bedroom door and Nevarez's bedroom door, and stated that they were both locked. Officers noted the odor of marihuana in the residence and saw in plain view in a communal area what appeared to be marihuana residue, a bong, and the remnants of burnt marihuana cigarettes.

3. Officers obtained a search warrant and conducted a search of the residence. Nevarez's bedroom door was not a typical interior wood door but had apparently been replaced with an exterior, metal door with a deadbolt and reinforced metal door frame. Officers knew from training and experience that drug dealers commonly fortify the locations of drugs, money, and firearms to safeguard them from theft or discovery. They made entry into Nevarez's bedroom and continued their search.

4. In Nevarez's bedroom, officers found a distinctive pair of gold and black Nike shoes Nevarez was known to wear. Officers also found photographs of Nevarez

and his girlfriend in the bedroom closet. Officers found 62 packages of Tetrahydrocannabinol (THC) edibles in Nevarez's bedroom closet. Each package was labeled as having 600mg of THC. Officers also found in Nevarez's bedroom two large bags of green plant material consistent with marihuana and obtained a DNA sample from its packaging for later comparison. The amount of THC edibles and marihuana recovered from Nevarez's bedroom were only consistent with distribution. Within a hidden shelf compartment in the living area, officers found a silver and black Taurus .38 special revolver, serial number XG19483. Officers obtained a DNA sample from the Taurus revolver for later comparison.

5. An agent of the Federal Bureau of Investigation (FBI) received a search warrant to collect a DNA sample from Nevarez. The FBI Laboratory in Quantico, Virginia, performed a forensic DNA analysis of the marihuana packaging recovered from Nevarez's bedroom and the Taurus revolver found in Nevarez's residence. An FBI Forensic Examiner compared the DNA found on the Taurus and the marihuana packaging to the DNA sample taken from Nevarez. The comparison indicated the presence of three individuals' DNA on the packaging and four individuals' DNA on the Taurus revolver. The DNA results from the packaging were 190 times more likely if Nevarez and two unknown, unrelated people were contributors than if three unknown, unrelated people were contributors. The DNA results from the Taurus revolver were 50 million times more likely if Nevarez and three unknown, unrelated people were contributors.

6. A forensic scientist of the Texas Department of Public Safety Crime Laboratory in Amarillo analyzed the suspected marihuana Nevarez possessed on

November 11, 2022. He found that the substance was marihuana with a net weight of 425.48 grams. That amount of marihuana is only consistent with distribution.

7. The defendant admits and agrees that the above-described firearm represents proceeds the defendant obtained, directly or indirectly, as a result of the commission of the offense to which he is pleading guilty, and the firearm is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 853(a).

8. The defendant agrees that the defendant committed all the essential elements of the offense alleged in Count One of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 5th day of March, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

JOSAYA JUDE NEVAREZ
Defendant

MATTHEW A. McLEOD
Assistant United States Attorney
Tennessee State Bar No. 034353
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel: 806-472-7351
Fax: 806-472-7394
Email: matthew.mcleod@usdoj.gov

CJ McELROY
Attorney for Defendant